**Colleen Jo BENNIS, Appellant,**

v.

**Maria E. ALEXANDER, Administratrix of the Estate of Paul L. Alexander, Deceased, Appellee.**

**No. 3079.**

Supreme Court of Alaska.

Feb. 10, 1978.

Richard Eckert, Anchorage, for appellant.

Barry Donnellan, Anchorage, for appellee.

## OPINION

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem.

BURKE, Justice.

The issue in this case is whether an unrecorded quitclaim deed operated to convey the grantor's interest in certain real property to his grantee, where the grantor allegedly attached oral conditions to the delivery of the deed.

At opposite sides in this controversy are Maria E. Alexander, Administratrix of the Estate of Paul L. Alexander, deceased, and Colleen Jo Bennis, a person with whom Paul L. Alexander lived in a meretricious relationship prior to his death. Each claims title to the following described property:

> Lot twenty-four (24), Block Eight (8), WICKERSHAM PARK SUBDIVISION ADDITION NO. 1, according to the official map and plat thereof on file in the Anchorage Recording District, Third Judicial District, State of Alaska.

In an action filed in superior court Maria Alexander sought to gain possession of the property and to quiet title thereto, contending that Paul L. Alexander owned it at the time of his death. Bennis counterclaimed, contending that she had acquired title by virtue of an unrecorded quitclaim deed given to her by Paul L. Alexander on September 13, 1971, before his death. The superior court found in favor of Maria E. Alexander. Judgment was entered vesting title to the property in Paul L. Alexander's estate free and clear of Bennis' claim. This appeal followed.

In support of its judgment the superior court filed a memorandum decision indicating that the basis for its action was a finding that: "[T]he delivery of the quitclaim deed to [Bennis] on September 13, 1971, was conditioned upon unrevealed circumstances which remained unfulfilled," at the time of trial. Believing that that decision required further clarification, we remanded the case to the superior court, instructing it to enter additional findings with regard to several issues, including the following:

1. Whether a quitclaim deed was ever executed by Paul L. Alexander, in favor of appellant Colleen Jo Bennis.

2. Whether such quitclaim deed was ever physically delivered to Colleen Jo Bennis by Paul L. Alexander, and the date on which such delivery, if any, occurred.

3. Whether, if such quitclaim deed was physically delivered to Colleen Jo Bennis, Paul L. Alexander attached any oral or written conditions to the delivery, and, if so, the nature and terms of those conditions.

4. The extent to which any such conditions were or were not fulfilled.

Pursuant to our remand, the superior court filed supplemental findings of fact, stating that such findings were made with "specific reference to the directions of the Alaska Supreme Court." Among those findings were the following:

1. A quitclaim deed was executed by Paul Alexander conveying whatever interest he may have had in the property to Mrs. Bennis.

2. The quitclaim deed which was executed by Paul Alexander to Mrs. Bennis was left with Mrs. Bennis on September 13, 1971 . . . .

3. It is impossible to know the conditions which Paul Alexander attached to the delivery of the quitclaim deed except to say that such conditions exist because Mrs. Bennis acted as if such conditions existed . . . .

4. The conditions were not fulfilled . . . .

The deed itself contained no such conditions.[1] On its face it conformed to the form requirements of AS 34.15.040(a),[2] purporting to make an immediate and unconditional conveyance of all of Paul L. Alexander's interest in the property to Bennis. Such being the case, we hold that title to the property vested in Bennis when the deed was physically delivered to her by the grantor.

AS 34.15.040(b) provides:

A deed substantially in the form set out in (a) of this section, when otherwise duly executed, is considered a sufficient conveyance, release and quitclaim to the grantee, his heirs and assigns, in fee of all the existing legal and equitable rights of the grantor in the premises described in the deed.

Under this section there can be no question concerning the sufficiency of the conveyance apart from the matter of those conditions which the superior court found had been attached to the delivery of the deed. Concerning such conditions, Professor Powell states:

When a grantor 'delivers' his deed directly to the grantee but annexes to such delivery some oral condition, the great weight of authority finds ownership located in the grantee and the oral condition completely ineffective. A relatively small group of states treat the majority rule as an excess of formalism and permit oral conditions attached by the grantor to a delivery made directly to the grantee, to be enforced. The taking of a position on this controversial point is avoided when a court finds that the alleged oral condition was unproved. In view of the readily available and permissible device of a delivery in escrow, when the grantor wishes to make his delivery conditional, this writer believes the majority rule to be the sound one and not a mere anachronistic survival of primitive formalism, as has been charged.[3]

It is unnecessary for us to choose between these two rules in order to reach a decision in this case. Since the trial court found that the grantor had attached certain conditions to the delivery, but that it was *impossible to determine what those conditions were*, we regard them as "unproved." Thus, under either rule Bennis would be entitled to the property.

REVERSED and REMANDED for entry of an appropriate judgment in favor of appellant.

---

1. Moreover, there is no evidence that those conditions were ever reduced to writing. The conditions, if any, were apparently oral.

2. AS 34.15.040(a) provides:
   *Form of quitclaim deed.* (a) A quitclaim deed may be substantially in the following form:
   'The grantor (here insert the name or names and place of residence), for and in consideration of (here insert consideration) conveys and quitclaims to (here insert grantee's name or names) all interest which I (we) have, if any, in the following described real estate (here insert description), located in the State of Alaska.
   'Dated this . . . day of . . ., 19. . . .'

3. 6 R. Powell, Real Property § 897. (Footnotes omitted).